KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Connie Ann Anderson

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| CONNIE ANN ANDERSON**,**<br><br>                              Plaintiff,<br><br>       v.<br><br>CITIBANK, National Association**,**<br><br>                              Defendant. | CASE NO. _____<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff, Connie Ann Anderson ("Plaintiff" or "Anderson"), an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Citibank, National Association ("Defendant" or "Citibank") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, as well as protect the privacy of citizens like Plaintiff and, by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff, Connie Ann Anderson, is an individual residing in the state of Oregon and is a "debtor."

8. At all relevant times, Defendant Citibank, National Association engaged, via mail, email, and telephone, in the business of collecting a debt from Plaintiff; specifically, a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff had taken out an unsecured loan with Citibank in approximately June of 2012.

11. The loan Plaintiff took from Defendant Citibank was extended primarily for personal, family, or household purposes and is therefore a "debt."

12. Defendant Citibank has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person, is allegedly obligated to pay money to

Defendant Citibank arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed constitutes a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector."

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the account.

16. Plaintiff began making payments on the loan before she became financially unable to keep up with the monthly payments.

17. Defendant Citibank began contacting Plaintiff in or about November of 2019 to inquire about the status of the loan and to collect on the payments that were no longer being made.

18. Plaintiff retained counsel to assist in dealing with the Citibank debt and to seek some type of financial relief.

19. Counsel for Plaintiff sent a letter of revocation to Citibank on or about October 30, 2019 (the "Letter of Revocation").

20. Plaintiff informed Citibank, through her Letter of Revocation, that she was revoking her consent, if it was previously given, to be called on her telephone.

21. Plaintiff was frustrated that Citibank continued to make unsolicited calls to her cellular telephone after contacting Citibank to revoke her consent.

22. Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

23. Defendant Citibank continued to contact Plaintiff between approximately November 5, 2019 and November 11, 2019; the type of contact was through phone calls to Plaintiff on her cellular telephone.

24. Despite notice being sent, Defendant continued to contact Plaintiff on her cellular telephone regarding collection of her outstanding debt.

25. Citibank ignored Plaintiff's letter of representation and continued to contact her for at least six (6) days following receipt of Plaintiff's letter.

26. Despite being aware of Plaintiff's Letter of Revocation, Citibank continued to contact Plaintiff on her cellular telephone.

27. Citibank's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

### CAUSE OF ACTION
**(Against Defendant and Does 1-100)**
**(Violation of the TCPA)**
**(47 U.S.C. § 227)**

28. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

29. Since at least November of 2019, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the account(s) Plaintiff held with Defendant.

30. Plaintiff informed Defendant that she was revoking consent to be contacted by Citibank via telephone in November of 2019.

31. Citibank continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

32. Defendant would contact Plaintiff frequently regarding payment on the account(s).

33. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

34. Plaintiff estimates that Defendant contacted Plaintiff on at least twenty (20)

separate occasions after Plaintiff informed Defendant that she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

35. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

36. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A).

37. These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## ATTORNEYS' FEES

38. On or about November 27, 2019, Plaintiff's counsel sent a demand letter to Citibank seeking $10,000.00 as compensation for Defendant's statutory violations. This notice was sent more than thirty (30) days before Plaintiff commenced this suit. Citibank has not tendered $10,000.00, or a lesser amount, to Plaintiff. Accordingly, Plaintiff seeks to recover all of her attorneys' fees in connection with the preparation and trial of this cause under the authority of OR. REV. STAT. § 20.080, or as otherwise provided by law, and for further reasonable attorneys' fees in the event this case is appealed.

## PRAYER FOR RELIEF

39. WHEREFORE, Plaintiff prays for judgment as follows:

   a. An award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(C) for each and every violation;

   b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

   c. Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in

an amount to be proven at trial.

                    Respectfully submitted,

                    **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: January 15, 2020                  */s/ Kyle Schumacher*
                                                     Kyle Schumacher
                                                     *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: January 15, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
*Attorneys for Plaintiff*